1  Sara A. Simmons, Esq. (SB# 087029)
   **LAW OFFICES OF SARA A. SIMMONS, APC**
2  221 Main Street, Sixteenth Floor
   San Francisco, CA 94105-1936
3  Telephone: (415) 344-0244
   Facsimile: (415) 348-8720
4  E-mail: sara@simmlaw.com

5
   Attorneys for Defendant
6  Federal Express Corporation
   (erroneously sued as "FedEx Corporation")
7

8                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
                    SAN FRANCISCO DIVISION – E-FILING
11

12                                          ) Case No. C 06-04964 EMC
                                            )
13  NOEL SHARPE,                            )
                                            ) **STIPULATED PROTECTIVE ORDER**
14           Plaintiffs,                    )
                                            )
15      v.                                  )
                                            )
16  FEDEX CORPORATION; FEDEX                ) Complaint Filed: March 14, 2006
    EXPRESS; FEDEX GROUND; FEDEX            )
17  FREIGHT; and DOES 1-100,                )
                                            )
18           Defendants.                    )
                                            )
19  _____ )

20       Subject to the approval of this Court, the parties hereby stipulate to the following protective
21  order:
22       1.  In connection with discovery proceedings in this action, the parties may designate any
23  document, thing, material, testimony or other information derived therefrom, "Confidential" under
24  the terms of this Stipulated Protective Order (hereinafter "order"). Confidential information is
25  information which has not been made public and which concerns or relates to (including but not
26  limited to) the processes, operations, type of work, or apparatus, or to the production, sales,
27  shipments, purchases, transfers, identification of customers, inventories, amount or source of any
28
                                                    -1-

1  income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other
2  organization, the disclosure of which information may have the effect of causing harm to the
3  competitive position of the person, firm, partnership, corporation, or to the organization from which
4  the information was obtained.

5        By designating a document, thing, material, testimony or other information derived
6  therefrom as "confidential," under the terms of this order, the party making the designation is
7  certifying to the court that there is good faith basis both in law and in fact for the designation within
8  the meaning of Federal Rule of Civil Procedure 26(g).

9      2.    Confidential documents shall be so designated by stamping copies of the document
10  produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL"
11  on the cover of any multipage document shall designate all pages of the document as confidential,
12  unless otherwise indicated by the producing party.

13      3.    Testimony taken at a deposition, conference, hearing or trial may be designated as
14  confidential by making a statement to that effect on the record at the deposition or other proceeding.
15  Arrangements shall be made with the court reporter taking and transcribing such proceeding to
16  separately bind such portions of the transcript containing information designated as confidential, and
17  to label such portions appropriately.

18      4.    Material designated as confidential under this order, the information contained therein,
19  and any summaries, copies, abstracts, or other documents derived in whole or in part from material
20  designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of
21  the prosecution, defense, or settlement of this action, and for no other purpose.

22      5.    Confidential Material produced pursuant to this Order may be disclosed or made
23  available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial
24  staff employed by such counsel), and to the "qualified persons" designated below:

25      (a)    a party, or an officer, director, or employee of a party deemed necessary by counsel to
26          aid in the prosecution, defense, or settlement of this action;
27      (b)    experts or consultants (together with their clerical staff) retained by such counsel to
28          assist in the prosecution, defense, or settlement of this action;

-2-

1  (c) court reporter(s) employed in this action;

2  (d) a witness at any deposition or other proceeding in this action;

3  (e) appointed mediator, arbitrator, or other qualified Alternative Dispute Resolution
4  provider (together with their clerical staff); and

5  (f) any other persons as to whom the parties in writing agree.

6  Prior to receiving any Confidential Material, each "qualified person" shall be provided with
7  a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a
8  copy of which shall be provided forthwith to counsel for each other party and for the parties.

9  6. Depositions shall be taken only in the presence of qualified persons.

10  7. The parties may further designate certain discovery material or testimony of a highly
11  confidential and/or proprietary nature as 'CONFIDENTIAL-ATTORNEY'S EYES ONLY"
12  (hereinafter "Attorney's Eyes Only Material'), in the manner described in paragraphs 2 and 3 above.
13  Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the
14  Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by
15  such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but
16  shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise
17  agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this
18  paragraph, all other provisions in this order with respect to confidentiality shall also apply.

19  8. Nothing herein shall impose any restrictions on the use or disclosure by party of
20  material obtained by such party independent of discovery in this action, whether or not such material
21  is also obtained through discovery in this action, or from disclosing its own Confidential Material as
22  it deems appropriate.

23  9. If Confidential Material, including any portion of a deposition transcript designated as
24  Confidential or Attorney's Eyes Only, is to be included in any papers to be filed in Court, such
25  papers shall be labeled "Confidential-Subject to Court Order" and shall be submitted to the Court
26  pursuant to Local Rule 79-5 (b), or in the alternative, shall be not be lodged with the Court only in
27  connection with and subject to a motion pursuant to Local Rule 79-5 (d), requesting the Court to
28  issue an order that authorizes the sealing of the particular document or portion thereof.

-3-

**STIPULATED PROTECTIVE ORDER**  Case No. C 06-04964 EMC

10. In the event that any Confidential Material is used in an court proceeding in this action, it shall not lose its confidential status through such use.

11. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. This order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

14. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

Date: December 11, 2006         LAW OFFICES OF SARA A. SIMMONS, APC

                                By: _____/s/_____
                                    Sara A. Simmons
                                    Attorneys for Defendant
                                    Federal Express Corporation

| | |
|---|---|
| Date: ~~December ___, 2006~~ Feb. 26, 2006 | LAW OFFICES OF CHEASTY & CHEASTY<br><br>By: _/s/ Robert Cheasty_<br>Robert C. Cheasty<br>Attorneys for Plaintiff<br>Noel Sharpe |

APPROVED AND SO ORDERED:

Dated: _____

THE HONORABLE EDWARD M. CHEN
United States District Court Judge

-5-

STIPULATED PROTECTIVE ORDER                              Case No. C 06-04964 EMC

1  Date: February 26, 2006 (*sic*)                    LAW OFFICES OF CHEASTY & CHEASTY

2
                                                      By: _____/s/_____
3                                                            Robert C. Cheasty
                                                             Attorneys for Plaintiff
4                                                            Noel Sharpe

5

6
   APPROVED AND SO ORDERED:
7

8

9  Dated: 3/6/07
                                                      _____
10                                                    THE HONORABLE EDWARD M. CHEN
                                                      United States District Court Judge
11

-5-

**STIPULATED PROTECTIVE ORDER**                                           Case No. C 06-04964 EMC