UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL SHARPE, | No. C-06-4964 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFFS' MOTION TO AMEND AND REMAND; AND DENYING DEFENDANT'S MOTION TO STRIKE** |
| FEDEX CORPORATION, *et al.*, | |
| Defendants. | **(Docket Nos. 27, 31, and 35)** |

Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **DENIES** Plaintiff Noel Sharpe's motion to amend and remand. The Court further **DENIES** Defendant Federal Express Corporation's motion to strike the declaration of Robert Cheasty (counsel for Ms. Sharpe).

## I. FACTUAL & PROCEDURAL BACKGROUND

On March 14, 2006, Ms. Sharpe filed suit in Alameda County Superior Court against Defendants Federal Express Corporation, FedEx Express, FedEx Ground, FedEx Freight, and Does 1-100 ("FedEx"), seeking compensation for a personal injury that occurred at the Oakland airport. In her complaint, Ms. Sharpe alleges that, on March 17, 2004, she was the driver of a shuttle bus that was parked at Oakland airport. *See* Compl. at 5. While she waited to pick up clients, her bus was rear-ended by a FedEx employee. *See id.* According to Ms. Sharpe, at the time she filed her complaint, she did not know the true name of the FedEx employee who rear-ended her bus. *See id.*

On August 16, 2006, FedEx removed the case to federal court. In December 2006, the driver of the FedEx truck that allegedly caused the accident was identified as Tom Kardasis. The deadline

to amend the complaint to include additional defendants was January 12, 2007.  *See* Case Management and Pretrial Order, 1:22.  Ms. Sharpe did not file her motion to amend the complaint and remand until May 11, 2007.

## II.  DISCUSSION

FedEx argues, as a preliminary matter, that the motion to amend and remand should be denied as untimely because, under the Court's case management order, Ms. Sharpe only had until January 12, 2007, to name additional defendants to the case.  Although the Court's order did impose this deadline, the Court implicitly altered the deadline by expressly permitting Ms. Sharpe to file a motion to remand at the case management conference held on April 25, 2007.  Moreover, FedEx suffered no substantial prejudice as a result of the late filing of the motion.  Accordingly, the Court turns to the merits of the motion to amend and remand.

Under 28 U.S.C. § 1447(e), a court has discretion in determining whether to "deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  The following factors are considered in making this determination: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been an unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice involved parties.  *See Lopez v. General Motors Corp.*, 697 F.2d 1328 (9th Cir. 1983).

Some of the factors favor remand.  There is nothing to indicate that the joinder desired by Ms. Sharpe is fraudulent.  Furthermore, although Ms. Sharpe has delayed in requesting joinder, that delay is explained by the fact that the motion was put off was because the parties agreed to mediate the case first.  In addition, the claim against Mr. Kardasis appears valid as he was the driver of the FedEx truck that allegedly caused the accident.  If the Court does not permit joinder here, then the statute of limitations would likely bar an original action against Mr. Kardasis in state court.

On the other hand, the joinder of Mr. Kardasis is not needed for just adjudication, and the denial of joinder will not prejudice Ms. Sharpe.  At the hearing on the motion, FedEx stipulated to

vicarious liability if Mr. Kardasis is found liable and effectively waived any defense based scope of employment. *See also* Ans. at 5 ("admit[ting] that its employee operated the vehicle in conjunction with his/her duties"). On the other hand, if the Court were to permit joinder and remand, FedEx would be prejudiced by having to "restart" litigation in state court even though the litigation in this Court is well under way and slated for trial in December of this year. These factors counsel overwhelming against joinder and remand.

### III.  CONCLUSION

For the foregoing reasons, the Court denies Ms. Sharpe's motion to amend and remand. The Court further denies FedEx's motion to strike the declaration of Mr. Cheasty as moot. None of the arguments made in the motion to strike are material to the disposition of the motion to amend and remand. For the same reason, the Court denies FedEx's request for leave to file an objection to a letter that Mr. Cheasty sent to this Court.

This order disposes of Docket Nos. 27 , 31, and 35.

IT IS SO ORDERED.

Dated: June 29, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge